IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 40714-4-III |
| ARYN DANIELLE AMOR, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

STAAB, J. — In 2016, Aryn Danielle Amor pleaded guilty to second degree rape and first degree burglary. Amor did not appeal from her judgment and sentence, and therefore it became final when it was filed with the superior court clerk on October 21, 2016. *See* RCW 10.73.090(3)(a). Amor is currently released but remains on community custody pursuant to her conviction for second degree rape. On October 1, 2024, Amor filed this petition challenging multiple conditions of community custody imposed by the Indeterminate Sentence Review Board (ISRB) as well as the sentencing court. For the reasons stated below, this court denies her petition.

LAW AND ANALYSIS

Amor challenges multiple conditions of community custody imposed by the ISRB. The question of the scope of the ISRB's authority to impose conditions of community

custody is a question of statutory interpretation reviewed de novo. *In re Pers. Restraint of Ansell*, 1 Wn.3d 882, 900, 533 P.3d 875 (2023). However, "[w]here there is no question as to authority but rather a challenge that the entity erred in imposing a condition, we review the condition for abuse of discretion and will invalidate conditions 'if they are manifestly unreasonable.'" *Id.* at 892 (quoting *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018)).

The ISRB has broad authority to impose community custody conditions upon an offender's release. *See* RCW 9.94A.704. Under the provisions of the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, in place when Amor committed her offenses,[1] the Department of Corrections (DOC) is required to "assess the offender's risk of recidivism" and "recommend to the [ISRB] any additional or modified conditions based on the offender's risk to community safety." Former RCW 9.94A.704(10)(a) (2015); *see* LAWS OF 2015, ch. 287, § 7. Conditions imposed by the ISRB shall remain in effect unless they are "not reasonably related to *any* of the following: (i) The crime of conviction; (ii) The offender's risk of reoffending; (iii) The safety of the community." Former RCW 9.94A.704(10)(c) (2015) (emphasis added); *see* LAWS OF 2015, ch. 287, § 7.

---

[1] Any sentence imposed under the SRA must be determined by the law in effect when the offense in question was committed. RCW 9.94A.345.

No. 40714-4-III
*In re Pers. Restraint of Amor*


In her petition, Amor challenges multiple conditions of community custody imposed by the ISRB on October 4, 2022 and March 21, 2023. Challenges to conditions imposed by the ISRB are subject to a two-year statute of limitations. *In re Pers. Restraint of Allgoewer*, 30 Wn. App. 2d 388, 394, 545 P.3d 348 (2024). As Amor's petition was brought within two years of the ISRB imposing the contested conditions, it is timely with regard to this argument. *Id*. However, even assuming her petition is not mixed due to the inclusion of her untimely argument challenging the conditions of community custody imposed by the sentencing court, her arguments fail for the ensuing reasons.

Amor argues the following community custody conditions are not reasonably related to her crime of conviction, her risk of reoffending, or the safety of the community:

> E. You may not own/use/possess an internet capable device without first meeting with your CCO and fully and accurately completing the "Social media and Electronic Device Monitoring Agreement" DOC Form # 11-080. You must install a monitoring program, at your own expense, and your CCO must be your designated accountability partner. The requirements and prohibitions on this completed form will remain in effect until removed or modified in writing, signed and dated by you and your CCO.
> ….
> H. You must not use, possess or control any mind or mood altering substances, drugs, narcotics, controlled substances, or drug paraphernalia without a valid prescription from a licensed physician.
> ….
> M. You must not use, possess or control any Marijuana/THC or enter any establishments whose primary purpose is the sale of Marijuana/THC.

Response of ISRB, Ex.1, Attachment D.

3

With regard to condition E, Amor argues it is not crime-related because she did not use the internet to perpetuate her crime. RCW 9.94A.507(6)(b) requires DOC to "monitor the offender's compliance with conditions of community custody imposed by the court, department, or board, and promptly report any violations to the board." Pursuant to this statutory requirement, condition E allows DOC to monitor Amor's compliance with condition C, which prohibits Amor from possessing or accessing sexually explicit materials, as well as condition D, which precludes Amor from using "the Internet to access sexually explicit material or to seek out sexual activity." Response of ISRB, Ex. 1, Attachment D. Amor does not argue that condition D is not crime-related. Thus, Amor fails to show the ISRB abused its discretion in choosing to monitor and enforce a presumably valid prohibition on accessing sexually explicit materials and seeking out sexual activity through the use of an internet monitoring program.

Amor also maintains that condition E puts an unconstitutional financial burden on her by indefinitely requiring her to install an internet monitoring program at her own expense. However, she provides no argument or analysis supporting this assertion. Therefore, this claim fails as bald and conclusory. *See In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 506 (1990) (To avoid dismissal, the petitioner must support claims with facts and not merely bald or conclusory allegations).

Addressing conditions H and M, Amor points out that marijuana was not present or consumed during her crimes of conviction and also maintains that because marijuana could be determined to be a mood-altering substance, condition H should be struck as well.

In response to Amor's petition, the ISRB struck condition M and modified condition H to state, "You must not use, possess or control any controlled substances without a valid prescription from a licensed health care provider." Response of ISRB, Ex. 1, Attachment F. In light of this action, Amor's arguments related to condition M are moot. *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) ("A case is moot if a court can no longer provide effective relief.").

Amor has not argued that condition H, as modified, should be struck. Nevertheless, assuming she continues to assert it should be because it limits Amor's right to use, possess, or control controlled substances and marijuana is a controlled substance, the condition does limit Amor's rights as it pertains to marijuana. *See Ladyhelm Farm, LLC v. Liquor & Cannabis Board*, 25 Wn. App. 2d 658, 666-67, 524 P.3d 700 (2023). Amor is correct that marijuana was not present or consumed during her crime. However, as noted above, a condition does not need to be crime related as long as it is either reasonably related to an offender's risk to reoffend or the safety of the community.

As part of the presentence investigation, Amor admitted that she did not remember anything surrounding the burglary and rape because she "was blacked out due to alcohol" and had blacked out from alcohol consumption on several prior occasions. ISRB Response, Ex. 1, Attach. C at 2, 4. Amor admitted to being an alcoholic and having "an addictive personality that lends itself to alcohol and drug abuse." ISRB Response, Ex. 1, Attach. C at 3. Further, Amor stated that she "uses marijuana." ISRB Response, Ex. 1, Attach. C at 3.

Given Amor's admission to a history of alcohol abuse, that she uses marijuana, and that she has an addictive personality coupled with the fact that alcohol and addiction appear to have played a significant role in the underlying convictions, the ISRB was within its authority in imposing condition H. In light of these facts and the broad deference given to the ISRB in crafting these conditions, it is reasonable to be concerned that Amor would be at a greater risk to reoffend and pose a safety concern to the community if she were permitted to use marijuana. Therefore, the condition should remain in effect.

Amor relies on *In re Pers. Restraint of Ansell*, 1 Wn.3d 882, 553 P.3d 875 (2023) to argue that conditions must be crime-related to be upheld. Therein, the Supreme Court determined the ISRB had no authority to impose a condition of community custody prohibiting an offender from using cannabis because the condition was not crime-related.

*Id.* at 899-903. However, because Ansell committed her underlying crimes between 2006 and 2008, the applicable statute was the 2001 version of RCW 9.94A.713(5) which provided that conditions imposed by the ISRB shall remain in effect unless they are "'*not reasonably related to any of the following*: (a) The crime of conviction; (b) The offender's risk of reoffending; or The safety of the community.'" *Id.* at 900-01 (quoting Former RCW 9.94A.713(5)). Where the statute in *Ansell* required that a condition meet all of the enumerated requirements, as noted above, the language of the statute applicable here allows for a condition to be upheld if it meets any of the three enumerated requirements. Thus, condition H may be upheld even if it is not crime-related.

Amor also challenges the ISRB's community custody condition (a), which states, "You must stay out of establishments, such as bars, taverns, casinos, and cocktail lounges, where alcohol is the primary beverage served." Response of ISRB, Ex. 1, Attachment E. While Amor acknowledges alcohol played a role in her underlying offense, she maintains the condition is neither crime-related nor does it relate to her risk to re-offend. Rather, she contends that condition I, which prohibits her from using, possessing, consuming, or controlling alcohol, is sufficient to satisfy any requirement to mitigate her risk of reoffending. *See* Response of ISRB, Ex. 1, Attachment D. And although Amor admits that a violation of condition (a) would create a risk that she would also violate condition I, she argues it is unrelated to her risk to reoffend.

7

Amor's argument contradicts itself, as she maintains condition (a) is not related to her risk to reoffend but then acknowledges she would be at a greater risk to reoffend were she to violate condition (a). As it stands and as Amor admits, preventing Amor from entering establishments where the primary beverage served is alcohol is crime-related and related to her risk to reoffend because she is at a greater risk of consuming alcohol (which contributed to the commission of the underlying offenses) in those establishments. Thus, this argument fails.

Amor further challenges conditions of community custody imposed by the sentencing court pursuant to her judgment and sentence, maintaining they are not crime-related.

With regard to the conditions imposed by the sentencing court, because Amor filed this petition more than one year after her judgment and sentence became final, her petition is barred as untimely under RCW 10.73.090(1) unless the judgment and sentence is facially invalid, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(7).

Amor's arguments related to her judgment and sentence are potentially exempt from the time bar because they constitute a motion for modification of conditions of community custody pursuant to RCW 9.94A.703. *See* RCW 10.73.100(6). However, such motions must be brought in the superior court, not in this court. RCW

No. 40714-4-III
*In re Pers. Restraint of Amor*


9.94A.703(5)(a). Accordingly, Amor's arguments attacking the conditions of community custody are time barred and therefore fail to command this court's review. These claims must instead be brought in the superior court.

For the above stated reasons, we deny Armor's petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.


WE CONCUR:


_____
Fearing, J.


_____
Lawrence-Berrey, C.J.